1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10   KEVIN A BROWN,

11                    Plaintiff,

12         v.

13   MARK SCHNOOR, TERRY MCELRAVY,
     PAT GLEBE, D DAHNE, KERRY
14   MCTARSNEY,

15                    Defendants.

CASE NO. C14-5099 RJB-JRC

ORDER GRANTING
DEFENDANTS' MOTION FOR A
PROTECTIVE ORDER

16

17

18

        The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States

Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and local

Magistrate Judge Rules MJR1, MJR3 and MJR4.

19

20

21

22

        Defendants ask the Court to enter a protective order so that they need not answer

plaintiff's fifth request for production of documents.  The Court grants the motion as defendants

have already provided plaintiff with the majority of the information he seeks and his fifth request

for production of documents is untimely.

23

24

ORDER GRANTING DEFENDANTS' MOTION
FOR A PROTECTIVE ORDER - 1

1                           FACTUAL BACKGROUND

2          Plaintiff filed this action regarding the alleged conduct of correctional officers Schnoor

3   and Springer, the grievances plaintiff filed regarding that alleged conduct, and the prison's

4   response.  Liberally construing the complaint, plaintiff has stated a claim of possible retaliation

5   (Dkt. 5).

6          After defendants answered the complaint, the Court entered a pretrial scheduling order

7   (Dkt. 14).  The Court's scheduling order gave the parties over six months to conduct discovery

8   (*id*).  The Court's scheduling order also informed the parties that all discovery had to be served

9   thirty days before the October 17, 2014 discovery cutoff date (*id*).

10         On September 20, 2014, plaintiff signed his fifth request for production of documents

11  (Dkt. 24-1, p. 51). The last day for a party to serve a discovery request under the pretrial order

12  was September 17, 2014.  Thus, the request for discovery was untimely.

13         The Court has also reviewed the discovery requests and the information provided by

14  defendants in support of their motion (Dkt. 24-1).  Defendants have provided plaintiff with the

15  information showing that Correctional Officer Schnorr has not been disciplined as a result of the

16  allegations made by plaintiff and other inmates, but that CUS McElravy did author a letter of

17  concern that is in defendant Schnoor's personnel file (Dkt. 24-1, p. 8).  From defendants'

18  response, it appears plaintiff received copies of both the letter of concern and his grievances

19  along with the investigation records regarding his complaints (Dkt. 24-1). Pursuant to an

20  agreement between the parties, defendants have also provided plaintiff with grievances filed

21  against officer Schnoor by other inmates for the two years prior to October 23, 2013, when the

22  incident giving rise to this action took place (Dkt. 24-1, pp. 26-46).

23

24

ORDER GRANTING DEFENDANTS' MOTION
FOR A PROTECTIVE ORDER - 2

1    Plaintiff's fifth request for production of documents asks defendants to review other

2  grievances to determine if any of them involve a named defendant and also seeks items that are

3  not well defined (Dkt. 24-1, pp 49-51).  Plaintiff asks for "[a]ll and any documents or tangible

4  things and the identity of persons having knowledge of any discoverable material, as pursuant to

5  FRCP 26(b)(1)."  (Dkt. 24-1, p. 49.)

6                                              DISCUSSION

7    The Court has broad discretion to decide when a protective order is appropriate and to

8  what degree protection is required.  *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

9  "'Discovery, like all matters of procedure, has ultimate and necessary boundaries.'"

10  *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978); (quoting *Hickman v. Taylor*, 329

11  U.S. 495, 501, (1947).  In this case, discovery is closed.  Plaintiff's requests needed to be served

12  prior to September 17, 2014.  Plaintiff's discovery requests are untimely, and given the nature

13  and extent of the information defendants have provided the Court also finds the requests, overly

14  broad and unduly burdensome.

15    Defendants have shown good cause and the Court grants defendants' motion for a

16  protective order.  Defendants need not respond to the fifth request for production of documents.

17    Dated this 5th day of December, 2014.

18

19                                              _____
                                              J. Richard Creatura
20                                              United States Magistrate Judge

21

22

23

24

ORDER GRANTING DEFENDANTS' MOTION
FOR A PROTECTIVE ORDER - 3