UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KEVIN A. BROWN,

    Petitioner,

v.

MARK SCHNOOR, TERRY MCELRAVY, PAT GLEBE, D DAHNE, KERRY MCTARSNEY,

    Respondent.

CASE NO. 3:14-CV-05099 RJB

ORDER ADOPTING REPORT AND RECOMMENDATION

This matter comes before the Court on plaintiff's 42 U.S.C. § 1983 claims against Superintendant Pat Glebe, Grievance Coordinator Kerry McTarsney, Guidance Coordinator Dennis Dahne, Corrections Officer ("C/O") Mark Schnoor, Corrections Unit Supervisor ("CUS") Tera McElravy (Dkt. 5). The Court has reviewed the Report and Recommendation of Magistrate Judge J. Richard Creatura (Dkt. 45), objections to the Report and Recommendation (Dkt. 46-48), and the remaining record.

The Court does not find the parties' objections to the Report and Recommendation to be persuasive. As to CO Schnoor, Defendants argue that the record supports summary judgment because (1) plaintiff failed to allege that he was treated differently than similarly situated individuals; and (2) plaintiff failed to supply evidence that CO Schnoor's order to cell-in was racially-motivated. Considering defendants' first argument, their argument misstates the law.

The relevant Equal Protection inquiry is whether plaintiff has made a sufficient showing that defendants acted with the intent to discriminate against plaintiff, not whether plaintiff can show disproportionate impact. While ""[d]isproportionate impact is not irrelevant, [it] is not the sole touchstone of an invidious racial discrimination [claim]." *Lee v. City of Los Angeles*, 250 F.3d 668, 686-87 (9th Cir. 2001), quoting from *Does 1–5 v. Chandler,* 83 F.3d 1150, 1155 (9th Cir. 1996) (citing *City of Cleburne,* 473 U.S. at 440, 105 S.Ct. 3249). Disproportionate impact could be—but need not necessarily be—a legal theory used to show discriminatory intent, but "specific legal theories need not be pleaded so long as sufficient factual averments show that the claimant may be entitled to some relief." *Fontana v. Haskin,* 262 F.3d 871, 877 (9th Cir.2001). Furthermore, disproportionate impact is easily inferred from the circumstances. Defendants' second argument fails because plaintiff did, in fact, make a showing of discriminatory intent. This showing is discussed at length in the Report and Recommendation. Dkt. 45, at 7-10.

Defendants also object to denial of their summary judgment motion as to plaintiff's retaliation claim against CUS McElravy. Dkt. 46, at 8-11. The Court finds defendants' attempts to distinguish *Pratt*, *Rizzo*, and other cases to be unpersuasive.

Plaintiff's objection (Dkt. 47) does not raise any new arguments. *See* Dkt. 5, 39.

Therefore, the Court does hereby find and ORDER:

1. The Court adopts the Report and Recommendation on defendants' Motion for Summary Judgment (Dkt. 33). Defendants' motion is granted in part and denied in part.

2. Defendants' Motion for Summary Judgment is granted as to defendants Glebe, McTarsney, and Dahne.

3. Plaintiff's claim for denial of Equal Protection against defendant C/O Schnoor survives summary judgment and defendant's Motion for Summary Judgment on this issue is denied. Defendant's Motion for Summary Judgment regarding plaintiff's claims for harassment and retaliation as to defendant C/O Schnoor is granted.

4. Defendants' Motion for Summary Judgment as to CUS McElravy is denied as to plaintiff's retaliation claim but is granted as to all other claims.

5. The Clerk is directed to send a copy of this Order to plaintiff, and to the Hon. J. Richard Creatura.

DATED this 4th day of May, 2015.

*[signature]*

ROBERT J. BRYAN
United States District Judge

RECOMMENDATION - 3