UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KEVIN A. BROWN,<br><br>                Plaintiff,<br>    v.<br><br>MARK SCHNOOR, et al.,<br><br>                Defendants. | No. 3:14-CV-05099-RJB<br><br>**ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DEFENDANTS' MOTION TO STRIKE** |

This matter comes before the Court on Defendant's motion to strike (Dkt. 52) Plaintiff's motion for summary judgment (Dkt. 50). The court has considered the pleadings filed in support of and in opposition to both motions and the remainder of the file therein. Dkt. 51, 53, 54, 55.

Plaintiff filed his 42 U.S.C. § 1983 civil rights action on February 3, 2014. Dkt. 5. Magistrate Judge J. Richard Creatura entered a Pretrial Scheduling Order, requiring dispositive motions to be completed by December 12, 2014. Dkt. 14. Prior to the deadline, Defendants filed a motion for summary judgment, which Plaintiff responded to and the court ruled on. Dkt. 33, 39, 40 & 49. Plaintiff filed his motion for summary judgment on May 18, 2015. Dkt. 50.

If Plaintiff had requested more time to file a dispositive motion prior to the December 12, 2014 deadline, the Court may have been inclined to grant a reasonable request under such circumstances, but Plaintiff did not do so. Instead, Plaintiff's dispositive motion comes over six months after the deadline, with the explanation from Plaintiff that Plaintiff had attempted to negotiate a resolution with Defendants on May 10, 2015 but that Defendants did not respond. Dkt. 54, at 1. However, Defendants are under no obligation to negotiate a resolution. Plaintiff

ORDER 1

also argues that it is "in the interest of justice" for the Court to allow late filing, because it will spare cost, court time, and resources. *Id*. This argument is without merit, because responding to dispositive motions is time and resource-intensive. Defendants' motion to strike Plaintiff's summary judgment motion should be granted.

Even if the Court did not strike Plaintiff's motion on the basis of its untimeliness, Plaintiff's motion for summary judgment would have been denied, because there are issues of material fact. As the Court previously concluded, there are two claims proceeding to trial: (1) an Equal Protection claim against C/O Schnoor, and (2) a retaliation claim against CUS McElravy. Dkt. 49. Both of these claims are fact-intensive and hinge on what was said to Plaintiff and the surrounding circumstances, which are not agreed by the parties. For example, Plaintiff states that C/O Schnoor called Plaintiff a "nigger," which Defendants deny. Summary judgment is not appropriate where material issues of fact remain, so even if it had not been stricken, Plaintiff's motion would have been denied.

* * *

Therefore, it is hereby

**ORDERED** that Defendants' Motion to Strike Plaintiff's Motion for Summary Judgment (Dkt. 52) is **GRANTED**.  Plaintiff's Motion for Summary Judgment (Dkt. 50) is **STRICKEN**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 24th day of June, 2015.

*/s/ Robert J. Bryan*

ROBERT J. BRYAN
United States District Judge

ORDER 2